EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN VIDAL Y DOLORES CASADO, acusados y apelantes.

No. 4648.—*Sometido:* Noviembre 10, 1932. *Resuelto:* Febrero 8, 1933.

Angel A. Vázquez, abogado de los apelantes; R. A. Gómez, Fiscal, abogado de El Pueblo, apelado.

---

\* NOTA: Véase el prefacio.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Bajo un estatuto que provee que—

"Toda persona que adulterare o diluyere leche y toda persona que la vendiere, ofreciere o tuviere en venta, o que la transportare o almacenare con el fin de dedicarla al consumo humano, y toda persona que usare leche adulterada o diluída para fines industriales, cuando se destine a la preparación de alimentos para el consumo humano, será culpable de delito menos grave (*misdemeanor*) . . . ,"

los apelantes Juan Vidal y Dolores Casado fueron acusados y convictos de adulteración de leche destinada al consumo humano.

Durante la vista de este caso la cuestión giró sobre si los acusados eran culpables de transportar leche de conformidad con el estatuto. Uno de los acusados, Dolores Casado, mientras ocupaba la silla testifical dijo en realidad que la leche iba a ser dedicada al consumo humano, y se dió considerable énfasis a esta admisión. Sin embargo, los hechos fueron que a fin de comprar leche, Dolores Casado, empleado de Vidal, el otro acusado, fué a la finca de Sánchez Osorio y traía leche en jarrones precintados hacia el establecimiento de su patrono cuando lo detuvo un inspector de sanidad, que examinó la leche y la halló adulterada. Es evidente que lo que el acusado Dolores Casado hacía como agente de Vidal era llevar leche de la finca al depósito. Los acusados no tenían otro fin inmediato. El hecho de que generalmente se vendía la leche para consumo humano no afectaba la intención de los acusados al tiempo de la transportación. Su única intención de momento fué llevar la leche al depósito. Lo que Dolores Casado evidentemente quiso decir fué que la leche se le compró a Sánchez Osorio para los fines usuales. El no podía decir, ni dijo, que aquella leche iba a venderse de fijo para el consumo humano sin previo examen. La misma no iba destinada en aquel momento para el consumo humano.

Durante la vista el fiscal de este tribunal estuvo dispuesto a admitir que una compañía de transportes no sería culpable

del delito de transportar leche adulterada, pero el acto de tal compañía y el de los acusados en este caso en esencia no son distintos. En vez de transportar la leche él mismo o por medio de su agente, el dueño del depósito pudo haber utilizado una compañía de expreso. Si no pueden apreciarse las circunstancias para determinar la intención, entonces podría sobrevenir toda suerte de consecuencias. Un sirviente que compre leche en un puesto y la lleve a la casa sería culpable de transportar leche adulterada en violación del estatuto. Igual sucedería a un hostelero u otra persona que transportara leche en cualquier cantidad.

El objeto de la ley es castigar a los adulteradores o vendedores de leche. Su espíritu no es castigar los compradores de leche. El acusado Vidal hasta allí era un mero comprador. El no reveló intención alguna de vender leche adulterada o de dedicarla al consumo humano.

Si bien no es necesario probar que se tiene conocimiento de que la leche está adulterada, sin embargo los otros elementos del delito, o sea, la adulteración, venta, ofrecimiento a la venta o tenencia para el consumo humano, deben ser probados estrictamente al igual que en cualquier otro caso criminal. Esto, desde luego, incluyendo la necesidad de demostrar claramente que la leche en aquel momento "se destinaba" para el consumo humano. Si por ejemplo estos acusados hubieran estado llevando la leche a los clientes, el delito de transportar leche adulterada hubiese quedado consumado. Desde luego que no estamos considerando los casos en que, después de transportar leche, un acusado procede a destinarla para el consumo humano, vendiéndola o en alguna otra forma.

Es innecesario considerar los otros errores señalados.

*Debe revocarse la sentencia y absolverse a los acusados.*

Los Jueces Presidente Señor del Toro y Asociado Señor Hutchison, disintieron.*

---

* NOTA: Véase el prefacio.